FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

2012 FEB 22  PM 2: 36

FOR THE... COURT
... DISTRICT
OF INDIANA

| | | |
|---|---|---|
| JAMES M. SWEENEY; DAVID A. FAGAN; CHARLES SEVERS; JAMES C. OLIVER; BRYAN SCOFIELD; EARL CLICK, JR. and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO, | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| vs. | ) ) | HON. |
| MITCH DANIELS, GOVERNOR OF THE STATE OF INDIANA; GREGORY ZOELLER, ATTORNEY GENERAL OF THE STATE OF INDIANA and LORI A. TORRES, COMMISSIONER OF THE INDIANA DEPARTMENT OF LABOR, | ) ) ) ) ) ) ) ) | 2  1 2 C V    8 |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF AND DAMAGES

Plaintiffs, James M. Sweeney, *et al*. state their claims against Defendants Mitch Daniels *et al*.

as follows:

### COUNT I:
### VIOLATION OF CONTRACTS CLAUSE OF THE UNITED STATES CONSTITUTION: SECTION 13, INDIANA CODE § 22-6-6

1.      This action arises under the Constitution and laws of the United States, including the

Civil Rights Act of 1871, 42 U.S.C. § 1983 and the National Labor Relations Act ("NLRA"),

29 U.S.C. § 151 *et seq*.  This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and

1343(a)(3) in that the action arises under the Constitution and laws of the United States; and

28 U.S.C. §2201-2201 in that the Plaintiffs seek a Declaratory Judgment. This Court also has Supplemental Jurisdiction under 28 U.S.C. § 1367 over those Counts of this Complaint which seek relief under the Indiana Constitution. Venue is proper in the Northern District of Indiana, Hammond Division pursuant to 28 U.S.C. § 1391.

2.     International Union of Operating Engineers, Local 150, AFL-CIO ("Local 150" or "the Union") is a labor organization within the meaning of § 2(5) of the NLRA, 29 U.S.C. § 152. Local 150 represents approximately 4,000 members within the jurisdiction of this Court. The Union maintains district offices in Merrillville and Lakeville, Indiana, also within the geographic jurisdiction of this Court.

3.     James M. Sweeney is the President-Business Manager of Local 150. As such, he is the elected Chief Executive Officer of Local 150 with the authority to bring lawsuits on behalf of the Union and its members. Sweeney regularly travels throughout Indiana in the course of his responsibilities as Local 150's President-Business Manager. Sweeney's responsibilities include oversight of the negotiation and enforcement of all the collective bargaining agreements negotiated by the Union on behalf of employees the Union represents.

4.     David A. Fagan is the Financial Secretary of Local 150. In addition to his responsibilities as the Union's Financial Secretary, Sweeney delegated to Fagan principle responsibility for management of the Union's employees and facilities in Indiana. Fagan's responsibilities include but are not limited to negotiating collective bargaining agreements on behalf of employees the Union represents in Indiana and enforcing those agreements, including the processing of grievances.

2

5.      Charles Severs is a member of Local 150 employed in the construction industry in Northwest Indiana. Severs and other members like him regularly seek and obtain employment with construction industry employers through the Union's hiring hall. They are routinely employed at various construction sites throughout Northwest Indiana.

6.      James C. Oliver is a member of Local 150 employed by steel mill service contractors in the steel manufacturing industry. Employees in this industry routinely work at U.S. Steel's facility in Gary, Indiana as well as the mills operated by Arcelor-Mittal in East Chicago and Burns Harbor, Indiana. Local 150 is party to collective bargaining agreements with various of the subcontractors employing these individuals. Those collective bargaining agreements set the wages, hours and other terms and conditions of employment for these employees.

7.      Bryan Scofield is a member of Local 150 employed by the City of Portage, Indiana in the City's Public Works Department. Local 150 and the City of Portage are parties to a collective bargaining agreement covering the wages, hours and other terms and conditions of the Portage Public Works Department employees.

8.      Earl Click, Jr. is a member of Local 150 who is a potential conscientious objector to the payment of dues on religious grounds.

9.      Defendant Mitch Daniels is the sitting Governor of the State of Indiana. In that capacity, Defendant Daniels is charged with executive authority of state government, including the administration and enforcement of various laws of the State of Indiana including § 22-6-6 of the Indiana Code. Defendant Daniels is sued in his official capacity.

10.     Defendant Gregory Zoeller is the Attorney General of the State of Indiana. In that capacity, Defendant Zoeller is charged with the enforcement of various laws of the State of Indiana

3

including Indiana Code § 22-6-6. Specifically, individual employees are authorized to file complaints with the Attorney General who is authorized to investigate the complaint and enforce compliance under Section 11 of Indiana Code § 22-6-6. Defendant Zoeller is sued in his official capacity.

11. Defendant Lori A. Torres is the Indiana Commissioner of Labor. As such, she is the Chief Executive Officer of the Indiana Department of Labor. In that capacity, Defendant Torres has responsibility for the administration and enforcement of various laws of the State of Indiana including Indiana Code § 22-6-6. Specifically, individuals are authorized to file complaints with the Department of Labor who is authorized to investigate the complaint and enforce compliance under Section 11 of Indiana Code § 22-6-6. Defendant Torres is sued in her official capacity.

12. The NLRA imposes upon labor unions such as Local 150 an obligation to represent fairly all employees in any given bargaining unit where a majority of those employees have designated or selected Local 150 as their bargaining agent. This duty of fair representation applies to all aspects of the Union's relationship with the employees it represents, including but not limited to contract negotiation, contract administration and the filing of grievances. This duty to treat all bargaining unit employees in a manner that is not arbitrary, discriminatory or in bad faith applies regardless of whether employees join the Union as members. Local 150's performance of this duty requires it to expend money and devote considerable human resources to the negotiation and enforcement of its collective bargaining agreements. Both members and non-members alike benefit financially from these representation efforts.

13. The contracts negotiated and administered by Local 150 in Indiana customarily include clauses commonly referenced as "union security clauses." In general, these clauses require

4

all employees covered by any given agreement as a condition of employment either to apply for and

become a member, and to maintain membership in, or alternatively to apply for a permit and pay

permit fees to, the Union within thirty one (31) days of their date of hire (or 8 days in the case of

construction employees). Federal law has interpreted these clauses not to require membership in the

Union literally. Instead, at his sole option, an employee may refuse to join the Union but may be

required to pay his "fair share" of the cost of negotiation and administration of the contract ("fair

share fee payers").

14.     Local 150 has several objector/non-member fair share fee payers that it represents in

the State of Indiana.

15.     On February 1, 2012, Defendant Daniels signed into law Indiana House Bill 1001,

also known as Indiana Code § 22-6-6 Titled "Chapter 6. Right to Work." Section 8 of the Indiana

Right to Work law states in pertinent part:

> A person may not require an individual to:
> (1)     Become or remain a member of a labor organization;
> (2)     Pay dues, fees, assessments or other charges of any kind or amount to a labor
>         organization; or
> (3)     Pay to a charity or third party an amount that is equivalent to or a pro-rata
>         part of dues, fees, assessment or other charges required of members of a labor
>         organization;
> as a condition of employment or continuation of employment.

16.     Section 3 of the Indiana Right to Work law contains similar prohibitions relating only

to the building and construction industry. The Indiana Right to Work law was effective immediately

upon its signing, but pursuant to its Section 13, Sections 8 through 12 "apply [only] to a written or

oral contract or agreement entered into, modified, renewed, or extended after March 14, 2012."

A full and complete copy of House Bill 1001 is attached hereto as Exhibit A.

17. Article I, section 10, clause 1 of the United States Constitution provides that "[n]o state shall ... pass any ... Law impairing the Obligation of Contracts..." ("Contracts Clause"). A statute violates the Contracts Clause when it substantially impairs a contractual relationship. *Allied Structural Steel Co. v. Spannaus*, 438 U.S. 243 (1978).

18. The Indiana Right to Work law at Section 3 forbids Union Security clauses, and any other agreement that would require the payment of dues, fees, assessments, other or equivalent charges by a labor organization in the building and construction industry. Unlike the provisions of the Right to Work law that apply to other industries, the building and construction industry prohibition is effective immediately (*cf.* Section 3 and Section 13).

19. On the date that the Indiana Right to Work law was signed, Local 150 had and still has collective bargaining agreements in effect with building and construction industry employers in Indiana. Most if not all of those contracts contain Union Security clauses and/or other provisions that require payment of the fees, assessments, or other equivalent charges to Local 150. The immediate application of the Indiana Right to Work law to these existing contracts substantially impairs the contractual relationships that Local 150 has with these building and construction industry employers. The state has no significant or legitimate purpose for the immediate application of this regulation to the building and construction industry as opposed to other industries, and without any such purpose, the law is neither reasonable nor appropriate.

20. Section 1983 provides for liability against any person acting under color of law who deprives another "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. The right of a party not to have a State, or a political subdivision thereof, impair its obligations of contract is a right secured by the first article of the

6

United States Constitution. Because the Indiana Right to Work law deprives Local 150 of its rights under the Contracts Clause, Local 150 is entitled to pursue a cause of action for relief from that deprivation.

WHEREFORE, Plaintiffs respectfully request that this Court provide the following relief:

(a)     Declare that Section 3 of the Indiana Right to Work law, Indiana Code § 22-6-6 is invalid and of no force or effect as a violation of the Contracts Clause of the Constitution of the United States;

(b)     Declare that the Indiana Right to Work law, Indiana Code § 22-6-6 is invalid and of no force or effect in its entirety as a violation of the Contracts Clause of the Constitution of the United States;

(c)     Permanently enjoin Defendants, their agents, and anyone acting in concert or participation with them at their direction or under their control, from enforcing Section 3 of the Indiana Right to Work law Indiana Code § 22-6-6, or adopting rules under Indiana Code § 4-22-2 including emergency rules under Indiana Code § 4-22-2-37.1;

(d)     Permanently enjoin Defendants, their agents, and anyone acting in concert or participation with them at their direction or under their control, from enforcing the Indiana Right to Work law Indiana Code § 22-6-6, or adopting rules under Indiana Code § 4-22-2 including emergency rules under Indiana Code § 4-22-2-37.1;

(e)     Award Plaintiffs' their attorneys fees and costs incurred in connection with this litigation; and

(f)     Award Plaintiffs such other relief as the Court deems just and proper.

## COUNT II:
## VIOLATION OF EQUAL PROTECTION UNDER THE
## FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
## SECTION 8, INDIANA CODE § 22-6-6

1-15.   For Paragraphs 1 – 15 of this Count II of their Complaint, Plaintiffs restate and reallege paragraphs 1 – 15 of Count I of their Complaint as if fully set forth in Count II herein.

16.     The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution states: "No State shall ... deny to any person within its jurisdiction the equal protection of the laws."

17.     42 U.S.C. § 1983 provides in part:

Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State...subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

18.     The Indiana Right to Work law and especially Section 8 deprives Local 150, dues-paying Local 150 members and fair share fee payers of equal protection of the laws in violation of the Fourteenth Amendment to the United States Constitution.  Defendants violate the Equal Protection Clause by requiring Local 150, its members and fair-share payers to furnish representation services required by the NLRA at no cost to individuals in Indiana who refuse to pay for such services pursuant to the Right to Work law. The Indiana Right to Work law violates the Equal Protection Clause by effectively forcing dues-paying Local 150 members and fair share payers to bear the entire representation cost of those individuals who refuse to pay any fees to the Union in exchange for the Union's contract negotiation, administration and grievance handling services.

19.     Additionally, dues-paying Local 150 members and fair share payers are injured by the fact that the Indiana Right to Work law will necessarily reduce the amount of the Union's revenues devoted to representing them.  The services that the Union provides to these employees will be correspondingly reduced as the Union's revenues decline, or the Union will be required to increase the dues and fair share fees charged those employees in order to provide the same service.  No legitimate state interest is served by this unequal application of the law.

8

WHEREFORE, Plaintiffs respectfully request that this Court provide the following relief:

(a)     Declare that Section 3 of the Indiana Right to Work law, Indiana Code § 22-6-6 is invalid and of no force or effect as a violation of the Equal Protection Clause of the Constitution of the United States;

(b)     Declare that the Indiana Right to Work law, Indiana Code § 22-6-6 is invalid in its entirety and of no force or effect as a violation of the Equal Protection Clause of the Constitution of the United States;

(c)     Permanently enjoin Defendants, their agents, and anyone acting in concert or participation with them at their direction or under their control, from enforcing Section 3 of the Indiana Right to Work law Indiana Code § 22-6-6;

(e)     Award Plaintiffs' their attorneys fees and costs incurred in connection with this litigation; and

(e)     Award Plaintiffs such other relief as the Court deems just and proper.

### COUNT III:
### VIOLATION OF EQUAL PROTECTION UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION:  SECTION 3, INDIANA CODE § 22-6-6

1-15.    For Paragraphs 1 – 15 of this Count III of their Complaint, Plaintiffs restate and reallege paragraphs 1 – 15 of Count I of their Complaint as if fully set forth in Count III herein.

16.    Section 8 of the Indiana Right to Work law expressly states that "a person may not require an individual to…become **or remain a member** of a labor organization…" By comparison, Section 3 of the Indiana Right to Work law, Indiana Code § 22-6-6, states:

Nothing in this Chapter is intended, or should be construed, to change or affect any law concerning collective bargaining or collective bargaining agreements in the building and construction industry other than:
(1)    A law that permits agreements that would require membership in a labor organization;
(2)    A law that permits agreements that would require the payment of dues, fees, assessment or other charges of any kind or amount to a labor organization; or

9

(3)   A law that permits agreements that would require the payment to a charity or a third-party of an amount that is equivalent to or a pro-rata part of dues, fees, assessment or other charges required of members of a labor organization as a condition of employment.

17.   As the foregoing indicates, Section 3 of the Right to Work law omits the Section 8 prohibition against agreements that require an individual to "**remain** a member of a labor organization." This so-called "carve-out" for the building and construction industry treats Local 150 members in that industry differently than the Union's members and other employees it represents in other industries in the private sector.   That is because this "carve-out" would allow Local 150 to enforce Union Security Clauses commonly known as "Maintenance of Membership" clauses in the construction industry, while such clauses are not enforceable in other industries.

18.   No legitimate state interest is served by making distinctions between building and construction employees and other private sector employees.  The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution guarantees that the law will apply equally to similarly-situated individuals.  By allowing Local 150 to charge the costs of maintenance of membership to construction industry employees but not other private sector employees, Defendants deprived these construction industry employees of the equal protection of the law.

19.   The Indiana Right to Work law Indiana Code § 22-6-6 does not contain a severability clause or any other provision preserving any portion of it, if any other portion of it were invalidated by a court for any reason.  The Right to Work law is otherwise non-severable.  A complete or partial invalidation of the construction industry carve-out found in Section 3 of Indiana Code § 22-6-6 therefore renders the entirety of the Right to Work law Indiana Code § 22-6-6 invalid because no provision of it is severable from any other provision.

10

WHEREFORE, Plaintiffs respectfully request that this Court provide the following relief:

(a)     Declare that Section 3 of the Indiana Right to Work law, Indiana Code § 22-6-6 is invalid and of no force or effect as a violation of the Equal Protection Clause of the Constitution of the United States;

(b)     Declare that Indiana's Right to Work law, Indiana Code § 22-6-6 is invalid and of no force or effect in its entirety as a violation of the Equal Protection Clause as;

(c)     Permanently enjoin Defendants, their agents, and anyone acting in concert or participation with them at their direction or under their control, from enforcing Section 3 of the Indiana Right to Work law Indiana Code § 22-6-6, or adopting rules under Indiana Code § 4-22-2 including emergency rules under Indiana Code § 4-22-2-37.1;

(d)     Permanently enjoin Defendants, their agents, and anyone acting in concert or participation with them at their direction or under their control, from enforcing the Indiana Right to Work law Indiana Code § 22-6-6, or adopting rules under Indiana Code § 4-22-2 including emergency rules under Indiana Code § 4-22-2-37.1;

(e)     Award Plaintiffs' their attorneys fees and costs incurred in connection with this litigation; and

(f)     Award Plaintiffs such other relief as the Court deems just and proper.

## COUNT IV:
## VIOLATION OF EQUAL PROTECTION CLAUSE UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION: SECTION 1(5), PUBLIC EMPLOYEES

1-15.   For Paragraphs 1 – 15 of this Count IV of their Complaint, Plaintiffs restate and reallege paragraphs 1 – 15 of Count I of their Complaint as if fully set forth in Count IV herein.

16.     Section 1, subsection (5) of the Indiana Right to Work law Indiana Code § 22-6-6, states in pertinent part: "This Chapter does not apply to... [a]n employee of a political subdivision (as defined in Indiana Code § 36-1-2-13)." Indiana Code § 36-1-2-13 states: "'Political subdivision' means municipal corporation or special taxing district."

11

17.     Local 150 members employed by the City of Portage, Indiana are employees of a political subdivision of the State of Indiana within the meaning the Right to Work law, Indiana Code § 22-6-6, § 1(5). As such, these individuals do not have the right to opt out of membership in Local 150 or the payment of any agency fees to the same extent as the Indiana Right to Work law permits other Local 150 members and private sector employees to do so.

18.     Local 150 members employed by the City of Portage, Indiana will be burdened to the extent that other members of the Union are permitted under the Indiana Right to Work law to refuse to pay any dues and fees to Local 150. The loss of revenue will necessarily require Local 150 to reduce its services to the employees of the City of Portage and/or increase their dues, and/or these individuals will be forced to subsidize the representation of employees in the private sector who choose to become "free riders." No legitimate state interest is served by requiring public sector employees to subsidize the cost of representation services for private sector employees who refuse to pay any fees to the Union.

19.     The Indiana Right to Work law Indiana Code § 22-6-6 does not contain a severability clause or any other provision preserving any portion of it, if any other portion of it were invalidated by a court for any reason. The Right to Work law is otherwise non-severable. A complete or partial invalidation of the exception for public employees found in Section 1(5) of Indiana Code § 22-6-6 therefore renders the entirety of the Right to Work law Indiana Code § 22-6-6 invalid because no provision of it is severable from any other provision.

WHEREFORE, Plaintiffs respectfully request that this Court provide the following relief:

(a)     Declare that Section 1(5) of the Indiana Right to Work law, Indiana Code § 22-6-6 is invalid and of no force or effect as a violation of the Equal Protection Clause of the Constitution of the United States;

12

(b)     Declare that the Indiana Right to Work law, Indiana Code § 22-6-6 is invalid and of no force or effect in its entirety as a violation of the Equal Protection Clause of the Constitution of the United States;

(c)     Permanently enjoin Defendants, their agents, and anyone acting in concert or participation with them at their direction or under their control, from enforcing Section 1(5) of the Indiana Right to Work law Indiana Code § 22-6-6;

(d)     Permanently enjoin Defendants, their agents, and anyone acting in concert or participation with them at their direction or under their control, from enforcing the Indiana Right to Work law Indiana Code § 22-6-6;

(e)     Award Plaintiffs' their attorneys fees and costs incurred in connection with this litigation; and

(f)     Award Plaintiffs such other relief as the Court deems just and proper.

## COUNT V:
## FEDERAL PREEMPTION OF SECTION 8(2), INDIANA CODE § 22-6-6 PROHIBITION AGAINST CHARGING SERVICE FEES

1-15.   For Paragraphs 1 – 15 of this Count V of their Complaint, Plaintiffs restate and reallege paragraphs 1 – 15 of Count I of their Complaint as if fully set forth in Count V herein.

16.    The Supremacy Clause of the United States Constitution, Article VI, Clause 2 provides in part:

> [The] Constitution, and the Laws of the United States which shall be made in Pursuance thereof…shall be the Supreme Law of the Land, and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

17.    42 U.S.C. § 1983 provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State…subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

18.     Unless subject to an exception identified in the NLRA, the NLRA pre-empts any state laws regulating conduct subject to the NLRA. *San Diego Bldg. Trades Council, Millmen's Union, Local 2020 v. Garmon*, 359 U.S. 236 (1959).

19.     Section 8(a)(3) of the NLRA states (29 U.S.C. § 158(a)(3)):

(a)     Unfair labor practices by employer
        It shall be an unfair labor practice for an employer—

\* \* \*

(3)     by discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization: *Provided,* That nothing in this subchapter, or in any other statute of the United States, shall preclude an employer from making an agreement with a labor organization (not established, maintained, or assisted by any action defined in this subsection as an unfair labor practice) to require as a condition of employment membership therein on or after the thirtieth day following the beginning of such employment or the effective date of such agreement, whichever is the later, (i) if such labor organization is the representative of the employees as provided in section 159(a) of this title, in the appropriate collective-bargaining unit covered by such agreement when made, and (ii) unless following an election held as provided in section 159(e) of this title within one year preceding the effective date of such agreement, the Board shall have certified that at least a majority of the employees eligible to vote in such election have voted to rescind the authority of such labor organization to make such an agreement: *Provided further,* That no employer shall justify any discrimination against an employee for non-membership in a labor organization (A) if he has reasonable grounds for believing that such membership was not available to the employee on the same terms and conditions generally applicable to other members, or (B) if he has reasonable grounds for believing that membership was denied or terminated for reasons other than the failure of the employee to tender the periodic dues and the initiation fees uniformly required as a condition of acquiring or retaining membership;

20.     Section 8(b)(2) of the NLRA states (29 U.S.C. 158(b)(2)):

(a)     Unfair labor practices by an organization
        It shall be an unfair labor practice for a labor organization or its agents —

\* \* \*

(2)     to cause or attempt to cause an employer to discriminate against an employee in violation of subsection (a)(3) of this section or to discriminate against an employee with respect to whom membership in such organization has been denied or terminated on some ground other than his failure to tender the periodic dues and the

initiation fees uniformly required as a condition of acquiring or retaining membership;

21.     Section 14(b) of the Labor Management Relations Act ("LMRA") states

(29 U.S.C. § 164(b)):

(b)     Agreements requiring union membership in violation of State law.

Nothing in this subchapter shall be construed as authorizing the execution or application of agreements requiring membership in a labor organization as a condition of employment in any State or Territory in which such execution or application is prohibited by State or Territorial law.

22.     The NLRA provides no criminal penalties for the commission of unfair labor practices. *See* 29 U.S.C. § 160.

23.     Section 14(b) of the LMRA thus creates an exception to the National Labor Policy permitting Union Security Agreements. Federal courts have interpreted the term "membership" as used in the NLRA and LMRA to include agreements requiring actual membership in a labor organization as well as agreements requiring the "functional equivalent" of membership where an agency fee equal to regular dues and fees is required.

24.     The Indiana Right to Work law does not simply forbid agreements requiring actual membership in a labor organization or its functional equivalent. Section 8 of the Indiana Right to Work law, Indiana Code § 22-6-6 goes much farther than the Congressional exception in Section 14(b), prohibiting a labor organization from requiring employees as a condition of employment or continuation of employment to "pay dues, fees, assessments *or other charges of any kind or amount to a labor organization*" (emphasis added). Because the Indiana Right to Work law intrudes upon a field occupied by Congress, directly conflicts with federal law, and frustrates stated federal purposes

such as "encouraging collective bargaining," Section 8(2) of the Indiana Right to Work law is preempted by federal labor law and unlawful pursuant to the Supremacy Clause.

25.     The Indiana Right to Work law Indiana Code § 22-6-6 does not contain a severability clause or any other provision preserving any portion of it, if any other portion of it were invalidated by a court for any reason. The Right to Work law is otherwise non-severable. A complete or partial invalidation of the prohibition against payment of "other charges of any kind or amount to a labor organization" found in Section 3 and/or 8 of Indiana Code § 22-6-6 therefore renders the entirety of the Right to Work law Indiana Code § 22-6-6 invalid because no provision of it is severable from any other provision.

WHEREFORE, Plaintiffs respectfully request that this Court provide the following relief:

(a)     Declare that Section 8 of the Indiana Right to Work law, Indiana Code § 22-6-6 is invalid and of no force or effect as preempted by the NLRA;

(b)     Declare that the Indiana Right to Work law, Indiana Code § 22-6-6 is invalid and of no force or effect in its entirety as a violation as preempted by the NLRA;

(c)     Permanently enjoin Defendants, their agents, and anyone acting in concert or participation with them at their direction or under their control, from enforcing Section 8 of the Indiana Right to Work law Indiana Code § 22-6-6, or adopting rules under Indiana Code § 4-22-2 including emergency rules under Indiana Code § 4-22-2-37.1;

(d)     Permanently enjoin Defendants, their agents, and anyone acting in concert or participation with them at their direction or under their control, from enforcing the Indiana Right to Work law Indiana Code § 22-6-6, or adopting rules under Indiana Code § 4-22-2 including emergency rules under Indiana Code § 4-22-2-37.1;

(e)     Award Plaintiffs' their attorneys fees and costs incurred in connection with this litigation; and

(f)     Award Plaintiffs such other relief as the Court deems just and proper.

16

## COUNT VI:
## PREEMPTION OF INDIANA RIGHT TO WORK
## SECTION 10 CRIMINAL PENALTIES

1-15.    For Paragraphs 1 – 15 of this Count VI of their Complaint, Plaintiffs restate and

reallege paragraphs 1 – 15 of Count I of their Complaint as if fully set forth in Count VI herein.

16-23.   For Paragraphs 16 – 23 of this Count VI of their Complaint, Plaintiffs restate and

reallege paragraphs 16 – 23 of Count V of their Complaint as if fully set forth in Count VI herein.

24.    Section 10 of the Indiana Right to Work law Indiana Code § 22-6-6 states: "A person

that knowingly or intentionally, directly or indirectly, violates Section 8 of this chapter commits a

Class A misdemeanor." Consequently, Section 10 criminalizes any conduct subject to Section 8 of

the Indiana Right to Work law.

25.    Section 8 of the Indiana Right to Work law presumes to regulate in a field occupied

by Congress, and Section 10 directly contradicts federal law in that it criminalizes conduct already

subject to civil enforcement under federal labor law such as the NLRA. Accordingly, Section 10 is

preempted by federal labor law, and unlawful pursuant to the Supremacy Clause of the Constitution.

26.    The Indiana Right to Work law Indiana Code § 22-6-6 does not contain a severability

clause or any other provision preserving any portion of it, if any other portion of it were invalidated

by a court for any reason. The Right to Work law is otherwise non-severable. A complete or partial

invalidation of the criminal penalties found in Section 10 of Indiana Code § 22-6-6 therefore renders

the entirety of the Right to Work law Indiana Code § 22-6-6 invalid because no provision of it is

severable from any other provision.

WHEREFORE, Plaintiffs respectfully request that this Court provide the following relief:

(a)     Declare that Section 10 of the Indiana Right to Work law, Indiana Code § 22-6-6 is
        invalid and of no force or effect as preempted by the NLRA;

(b)     Declare that the Indiana Right to Work law, Indiana Code § 22-6-6 is invalid and of
        no force or effect in its entirety as preempted by the NLRA;

(c)     Permanently enjoin Defendants, their agents, and anyone acting in concert or
        participation with them at their direction or under their control, from enforcing
        Section 10 of the Indiana Right to Work law Indiana Code § 22-6-6, or adopting rules
        under Indiana Code § 4-22-2 including emergency rules under Indiana Code
        § 4-22-2-37.1;

(d)     Permanently enjoin Defendants, their agents, and anyone acting in concert or
        participation with them at their direction or under their control, from enforcing the
        Indiana Right to Work law Indiana Code § 22-6-6, or adopting rules under Indiana
        Code § 4-22-2 including emergency rules under Indiana Code § 4-22-2-37.1;

(e)     Award Plaintiffs' their attorneys fees and costs incurred in connection with this
        litigation; and

(f)     Award Plaintiffs such other relief as the Court deems just and proper.

**COUNT VII:**
**FEDERAL PREEMPTION OF SECTION 8(3) OF THE**
**INDIANA RIGHT TO WORK LAW RELATING TO RELIGIOUS OBJECTORS**

1-15.   For Paragraphs 1 – 16 of this Count VII of their Complaint, Plaintiffs restate and

reallege paragraphs 1 – 15 of Count I of their Complaint as if fully set forth in Count VII herein.

16-23.  For Paragraphs 16 – 23 of this Count VII of their Complaint, Plaintiffs restate and

reallege paragraphs 16 – 23 of Count V of their Complaint as if fully set forth in Count V herein.

24.     Section 19 of the NLRA states (29 U.S.C. § 169):

Any employee who is a member of and adheres to established and traditional tenets
or teachings of a bona fide religion, body, or sect which has historically held
conscientious objections to joining or financially supporting labor organizations shall
not be required to join or financially support any labor organization as a condition of
employment; except that such employee may be required in a contract between such
employees' employer and a labor organization in lieu of periodic dues and initiation
fees, to pay sums equal to such dues and initiation fees to a nonreligious, nonlabor

18

organization charitable fund exempt from taxation under section 501(c)(3) of title 26, chosen by such employee from a list of at least three such funds, designated in such contract or if the contract fails to designate such funds, then to any such fund chosen by the employee. If such employee who holds conscientious objections pursuant to this section requests the labor organization to use the grievance-arbitration procedure on the employee's behalf, the labor organization is authorized to charge the employee for the reasonable cost of using such procedure.

25.     Section 8(3) of the Indiana Right to Work law Indiana Code §22-6-6 prohibits a union

from requiring an individual as a condition of employment or continuation of employment to:

(3)     pay to a charity or third party an amount that is equivalent to or a pro-rata part of dues, fees, assessments, or other charges required of members of a labor organization...

26.     Insofar as Section 8(3) of the Indiana Right to Work law Indiana Code §22-6-6

prohibits what is expressly permitted under Section 19 of the NLRA, it is preempted under the

Supremacy Clause of the United States Constitution.

27.     The Indiana Right to Work law Indiana Code § 22-6-6 does not contain a severability

clause or any other provision preserving any portion of it, if any other portion of it were invalidated

by a court for any reason. The Right to Work law is otherwise non-severable. A complete or partial

invalidation of the provision relating to religious objectors found in Section 8(3) of Indiana

Code § 22-6-6 therefore renders the entirety of the Right to Work law Indiana Code § 22-6-6 invalid

because no provision of it is severable from any other provision.

WHEREFORE, Plaintiffs respectfully request that this Court provide the following relief:

(a)     Declare that Section 8(3) of the Indiana Right to Work law, Indiana Code § 22-6-6 is invalid and of no force or effect as preempted by the NLRA;

(b)     Declare that the Indiana Right to Work law, Indiana Code § 22-6-6 is invalid in its entirety; and of no force or effect as preempted by the NLRA;

(c)     Permanently enjoin Defendants, their agents, and anyone acting in concert or participation with them at their direction or under their control, from enforcing the Section 8(3) Indiana Right to Work law Indiana Code § 22-6-6, or adopting rules

19

under Indiana Code § 4-22-2 including emergency rules under Indiana Code § 4-22-2-37.1;

(d)     Permanently enjoin Defendants, their agents, and anyone acting in concert or participation with them at their direction or under their control, from enforcing the Indiana Right to Work law Indiana Code § 22-6-6 in its entirety, or adopting rules under Indiana Code § 4-22-2 including emergency rules under Indiana Code § 4-22-2-37.1 ;

(d)     Award Plaintiffs' their attorneys fees and costs incurred in connection with this litigation; and

(e)     Award Plaintiffs such other relief as the Court deems just and proper.

## COUNT VIII:
## VIOLATION OF ARTICLE I, SECTION 21 OF THE INDIANA CONSTITUTION

1-15.   For Paragraphs 1 – 15 of this Count VIII of their Complaint, Plaintiffs restate and reallege paragraphs 1 – 15 of Count I of their Complaint as if fully set forth in Count VIII herein.

16.     Article I, Section 21 of the Indiana Constitution provides in part that "no person's property shall be taken by law without just compensation." It also states that "no person's particular services shall be demanded without just compensation."

17.     Local 150 and its members have a property interest in the contracts that the Union negotiates and enforces. Those contracts contain Union Security clauses that ensure that the Union has resources that are available to cover the costs of representation of individuals that the Union serves.

18.     The negotiating and enforcing of Local 150's collective bargaining agreements, including the processing of grievances and other services on behalf of employees it represents, and therefore is a "particular service" provided to those employees as that term is used in Article I Section 21 of the Indiana Constitution.

20

19.    As more fully stated in Paragraph 12 of Count I, federal labor law imposes upon Local 150 a duty to represent fairly all the employees of any given bargaining unit regardless of whether they are members of the Union.  In addition, Section 3 of the Indiana Right-to-work law Indiana Code § 22-6-6 expressly states:

> Nothing in this chapter is intended, or should be construed, to change or affect any law concerning collective bargaining or collective bargaining agreements in the building and construction industry...

This provision effectively restates the demand that Local 150 fairly represent all employees as stated herein.

20.    Section 8 of the Indiana Right to Work Act, Indiana Code § 22-6-6, violates Article I, Section 21 of the Indiana Constitution because by force of law it deprives Local 150 and its members of property without just compensation and through the combination of this state law and federal labor law, demands that Local 150 provide its particular services without just compensation.

21.    The Indiana Right to Work law Indiana Code § 22-6-6 does not contain a severability clause or any other provision preserving any portion of it, if any other portion of it were invalidated by a court for any reason. The Right to Work law is otherwise non-severable. A complete or partial invalidation of Section 8 of the Right-to-Work Law of the Indiana Code § 22-6-6 therefore renders the entirety of the Right to Work law Indiana Code § 22-6-6 invalid because no provision of it is severable from any other provision.

WHEREFORE, Plaintiffs respectfully request that this Court provide the following relief:

(a)    Declare that the Indiana Right to Work law, Indiana Code § 22-6-6 is invalid in its entirety; and of no force or effect as a violation of the Indiana Constitution;

(b)    Declare that Section 8 the Indiana Right to Work law, Indiana Code § 22-6-6 is invalid and of no force or effect as a violation of the Indiana Constitution;

21

(c)     Permanently enjoin Defendants, their agents, and anyone acting in concert or participation with them at their direction or under their control, from enforcing Section 8 of the Indiana Right to Work law Indiana Code § 22-6-6 in its entirety, or adopting rules under Indiana Code § 4-22-2 including emergency rules under Indiana Code § 4-22-2-37.1;

(d)     Permanently enjoin Defendants, their agents, and anyone acting in concert or participation with them at their direction or under their control, from enforcing the Indiana Right to Work law Indiana Code § 22-6-6 in its entirety, or adopting rules under Indiana Code § 4-22-2 including emergency rules under Indiana Code § 4-22-2-37.1;

(e)     Award Plaintiffs' their attorneys fees and costs incurred in connection with this litigation; and

(f)     Award Plaintiffs such other relief as the Court deems just and proper.

## COUNT IX:
## VIOLATION OF ARTICLE I, SECTION 24 OF THE INDIANA CONSTITUTION

1-15.    For Paragraphs 1 – 15 of this Count IX of their Complaint, Plaintiffs restate and reallege paragraphs 1 – 15 of Count I of their Complaint as if fully set forth in Count IX herein.

16.    Article I, Section 24 of the Indiana Constitution provides in part that "no ex post facto law, or law impairing the obligation of contracts, shall ever be passed."

17.    Section 13 of the Indiana Right to Work Act, Indiana Code 22-6-6, mandates that "Sections 8 through 12 of [Indiana Right to Work Act]: (1) apply to a written or oral contract or agreement entered into, modified, renewed, or extended after March 14, 2012; and (2) do not apply to or abrogate a written or oral contract or agreement in effect on March 14, 2012."

18.    Section 13 of the Indiana Right to Work Act, Indiana Code 22-6-6 does not apply to Section 3 of the Indiana Right to Work Act, Indiana Code 22-6-6 thereby making Section 3 effective as of February 1, 2012.

19.      Article I, Section 24 of the Indiana Constitution forbids Indiana to enact any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment of that then prescribed. The purpose of the clause is for citizens to have a right to a fair warning of that conduct which will give rise to criminal penalties.

20.      Section 11 and 12 of the Indiana Right to Work Act, Indiana Code 22-6-6 provide for private causes of action, damages and fees for violations for the entire Indiana Code 22-6-6 including Chapter 3, thereby being punitive in nature.

21.      Section 11 and 12 of the Indiana Right to Work Act, Indiana Code 22-6-6, violates Article I, Section 24 of the Indiana Constitution because by force of law it is an *ex post facto* law as it relates to Section 3 of the Indiana Right to Work Act, 22-6-6.

22.      The Indiana Right to Work law Indiana Code § 22-6-6 does not contain a severability clause or any other provision preserving any portion of it, if any other portion of it were invalidated by a court for any reason. The Right to Work law is otherwise non-severable. A complete or partial invalidation of the construction industry carve-out found in Section 3 of Indiana Code § 22-6-6 therefore renders the entirety of the Right to Work law Indiana Code § 22-6-6 invalid because no provision of it is severable from any other provision.

WHEREFORE, Plaintiffs respectfully request that this Court provide the following relief:

(a)      Declare that the Indiana Right to Work law, Indiana Code § 22-6-6 is invalid in its entirety; and of no force or effect as a violation of the Indiana Constitution;

(b)      Declare that Section 3 of the Indiana Right to Work law of the Indiana Code § 22-6-6 is invalid in its entirety; and of no force or effect as a violation of the Indiana Constitution;

(c)      Permanently enjoin Defendants, their agents, and anyone acting in concert or participation with them at their direction or under their control, from enforcing the Indiana Right to Work law Indiana Code § 22-6-6 in its entirety, or adopting rules

23

under Indiana Code § 4-22-2 including emergency rules under Indiana Code § 4-22-2-37.1;

(d)   Permanently enjoin Defendants, their agents, and anyone acting in concert or participation with them at their direction or under their control, from enforcing the Section 3 of the Indiana Right to Work law Indiana Code § 22-6-6 in its entirety, or adopting rules under Indiana Code § 4-22-2 including emergency rules under Indiana Code § 4-22-2-37.1;

(e)   Award Plaintiffs' their attorneys fees and costs incurred in connection with this litigation; and

(f)   Award Plaintiffs such other relief as the Court deems just and proper.

**COUNT X:**
**VIOLATION OF ARTICLE I, SECTION 10**
**OF THE UNITED STATES CONSTITUTION**

1-15.   For Paragraphs 1 – 16 of this Count X of their Complaint, Plaintiffs restate and reallege paragraphs 1 – 16 of Count I of their Complaint as if fully set forth in Count X herein.

16.   Article I, Section 10, Clause 1 of the United States Constitution provides in part that "[n]o State shall... pass any... ex post facto Law...."

17.   Section 13 of the Indiana Right to Work Act, Indiana Code 22-6-6, mandates that "Sections 8 through 12 of [Indiana Right to Work Act]: (1) apply to a written or oral contract or agreement entered into, modified, renewed, or extended after March 14, 2012; and (2) do not apply to or abrogate a written or oral contract or agreement in effect on March 14, 2012."

18.   Section 13 of the Indiana Right to Work Act, Indiana Code 22-6-6 does not apply to Section 3 of the Indiana Right to Work Act, Indiana Code 22-6-6 thereby making Section 3 effective as of February 1, 2012.

19.   Article I, Section 10, Clause 1 of the United States Constitution forbids any State to enact any law which imposes a punishment for an act which was not punishable at the time it was

24

committed; or imposes additional punishment of that then prescribed. The purpose of the clause is for citizens to have a right to a fair warning of that conduct which will give rise to criminal penalties.

20.     Section 11 and 12 of the Indiana Right to Work Act, Indiana Code 22-6-6 provide for private causes of action, damages and fees for violations for the entire Indiana Code 22-6-6 including Chapter 3, thereby being punitive in nature.

21.     Section 11 and 12 of the Indiana Right to Work Act, Indiana Code 22-6-6, violates Article I, Section 10, Clause 1 of the United States Constitution because by force of law it is an *ex post facto* law as it relates to Section 3 of the Indiana Right to Work Act, 22-6-6.

22.     The Indiana Right to Work law Indiana Code § 22-6-6 does not contain a severability clause or any other provision preserving any portion of it, if any other portion of it were invalidated by a court for any reason. The Right to Work law is otherwise non-severable. A complete or partial invalidation of the construction industry carve-out found in Section 3 of Indiana Code § 22-6-6 therefore renders the entirety of the Right to Work law Indiana Code § 22-6-6 invalid because no provision of it is severable from any other provision.

WHEREFORE, Plaintiffs respectfully request that this Court provide the following relief:

(a)     Declare that the Indiana Right to Work law, Indiana Code § 22-6-6 is invalid in its entirety; and of no force or effect as a violation of the Equal Protection Clause of the Constitution of the United States;

(b)     Declare that Section 3 of the Indiana Right to Work law, Indiana Code § 22-6-6 is invalid in its entirety; and of no force or effect as a violation of the Equal Protection Clause of the Constitution of the United States;

(c)     Permanently enjoin Defendants, their agents, and anyone acting in concert or participation with them at their direction or under their control, from enforcing the Indiana Right to Work law Indiana Code § 22-6-6 in its entirety, or adopting rules under Indiana Code § 4-22-2 including emergency rules under Indiana Code § 4-22-2-37.1;

(d)     Permanently enjoin Defendants, their agents, and anyone acting in concert or participation with them at their direction or under their control, from enforcing the Section 3 of the Indiana Right to Work law Indiana Code § 22-6-6 in its entirety, or adopting rules under Indiana Code § 4-22-2 including emergency rules under Indiana Code § 4-22-2-37.1;

(e)     Award Plaintiffs' their attorneys fees and costs incurred in connection with this litigation; and

(f)     Award Plaintiffs such other relief as the Court deems just and proper.

Dated:  February 22, 2012                    INTERNATIONAL UNION OF OPERATING
                                             ENGINEERS, LOCAL 150, AFL-CIO, *et al.*,

                                             By:_____
                                                  One of the Attorneys for Plaintiffs

Attorneys for Plaintiffs
Dale D. Pierson
dpierson@local150.org
Elizabeth A. LaRose
elarose@local150.org
Local 150 Legal Department
6140 Joliet Road
Countryside, IL 60525
Ph. 708/579-6663

Marc R. Poulos
mpoulos@iiiffc.org
Kara M. Principe
kprincipe@iiiffc.org
Indiana, Illinois, Iowa
 Foundation for Fair Contracting
6170 Joliet Road, Suite 200
Countryside, IL 60525
Ph. 815/254-3332

Jeff Wrage
jswrage@lawyersonthesquare.com
Blachly, Tabor, Bozik, & Hartman
56 Washington, Suite 401
Valparaiso, IN 46383
Phone: 219/464-1041

Second Regular Session 117th General Assembly (2012)

PRINTING CODE. Amendments: Whenever an existing statute (or a section of the Indiana Constitution) is being amended, the text of the existing provision will appear in this style type, additions will appear in **this style type**, and deletions will appear in ~~this style type.~~
Additions: Whenever a new statutory provision is being enacted (or a new constitutional provision adopted), the text of the new provision will appear in **this style type**. Also, the word **NEW** will appear in that style type in the introductory clause of each SECTION that adds a new provision to the Indiana Code or the Indiana Constitution.
Conflict reconciliation: Text in a statute in *this style type* or *~~this style type~~* reconciles conflicts between statutes enacted by the 2011 Regular Session of the General Assembly.

## HOUSE ENROLLED ACT No. 1001

AN ACT to amend the Indiana Code concerning labor and safety.

*Be it enacted by the General Assembly of the State of Indiana:*

SOURCE: IC 22-6-6; (12)HE1001.1.1. -->
SECTION 1. IC 22-6-6 IS ADDED TO THE INDIANA CODE AS A **NEW** CHAPTER TO READ AS FOLLOWS [EFFECTIVE UPON PASSAGE]:
 **Chapter 6. Right to Work**
 **Sec. 1. This chapter does not apply to the following:**
  **(1) An employee of the United States or a wholly owned corporation of the United States.**
  **(2) An:**
   **(A) employee; and**
   **(B) employer;**
  **subject to the federal Railway Labor Act (45 U.S.C. 151 et seq.).**
  **(3) An employee employed on property over which the United States government has exclusive jurisdiction for the purpose of labor relations.**
  **(4) An employee of the state.**
  **(5) An employee of a political subdivision (as defined in IC 36-1-2-13).**
 **Sec. 2. This chapter does not apply to the extent that it:**
  **(1) conflicts with; or**
  **(2) is preempted by;**
 **federal law.**
 **Sec. 3. Nothing in this chapter is intended, or should be**

construed, **to change or affect any law concerning collective bargaining or collective bargaining agreements in the building and construction industry other than:**
  **(1) a law that permits agreements that would require membership in a labor organization;**
  **(2) a law that permits agreements that would require the payment of dues, fees, assessments, or other charges of any kind or amount to a labor organization; or**
  **(3) a law that permits agreements that would require the payment to a charity or a third party of an amount that is equivalent to or a pro rata part of dues, fees, assessment, or other**


EXHIBIT
A

charges required of members of a labor organization;
as a condition of employment.
    Sec. 4. As used in this chapter, "employer" means:
        (1) a person employing at least one (1) individual in Indiana; or
        (2) an agent of an employer described in subdivision (1).
    Sec. 5. As used in this chapter, "labor organization" means:
        (1) an organization;
        (2) an agency;
        (3) a union; or
        (4) an employee representation committee;
that exists, in whole or in part, to assist employees in negotiating with employers concerning
grievances, labor disputes, wages, rates of pay, or other terms or conditions of employment.
    Sec. 6. As used in this chapter, "person" means:
        (1) an individual;
        (2) a proprietorship;
        (3) a partnership;
        (4) a firm;
        (5) an association;
        (6) a corporation;
        (7) a labor organization; or
        (8) another legal entity.
    Sec. 7. As used in this chapter, "the state" includes:
        (1) a board;
        (2) a branch;
        (3) a commission;
        (4) a department;
        (5) a division;
        (6) a bureau;
        (7) a committee;

        (8) an agency;
        (9) an institution (including a state educational institution as defined in IC 21-7-13-32);
        (10) an authority; or
        (11) another instrumentality;
of the state.
    Sec. 8. A person may not require an individual to:
        (1) become or remain a member of a labor organization;
        (2) pay dues, fees, assessments, or other charges of any kind or amount to a labor
organization; or
        (3) pay to a charity or third party an amount that is equivalent to or a pro rata part of dues,
fees, assessments, or other charges required of members of a labor organization;
as a condition of employment or continuation of employment.
    Sec. 9. A contract, agreement, understanding, or practice, written or oral, express or implied,
between:
        (1) a labor organization; and
        (2) an employer;
that violates section 8 of this chapter is unlawful and void.
    Sec. 10. A person that knowingly or intentionally, directly or indirectly, violates section 8 of this
chapter commits a Class A misdemeanor.
    Sec. 11. An individual who is employed by an employer may file a complaint that alleges a
violation or threatened violation of this chapter with the attorney general, the department of

labor, or the prosecuting attorney of the county in which the individual is employed. Upon receiving a complaint under this section, the attorney general, department of labor, or prosecuting attorney may:

(1) investigate the complaint; and

(2) enforce compliance if a violation of this chapter is found.

In addition to any other remedy available under this chapter, if the department of labor determines that a violation or a threatened violation of this chapter has occurred, the department of labor may issue an administrative order providing for any of the civil remedies described in section 12 of this chapter. The department of labor may adopt rules under IC 4-22-2, including emergency rules under IC 4-22-2-37.1, to carry out its responsibilities under this chapter.

Sec. 12. (a) If an individual suffers an injury:

(1) as the result of any act or practice that violates this chapter; or

(2) from a threatened violation of this chapter;

the individual may bring a civil action.

(b) A court may order an award of any or all of the following to an individual who prevails in an action under subsection (a):

(1) The greater of:

(A) actual and consequential damages resulting from the violation or threatened violation; or

(B) liquidated damages of not more than one thousand dollars ($1,000).

(2) Reasonable attorney's fees, litigation expenses, and costs.

(3) Declaratory or equitable relief, including injunctive relief.

(4) Other relief the court considers proper.

(c) The remedies and penalties set forth in subsection (b) are:

(1) cumulative; and

(2) in addition to other remedies and penalties imposed for a violation of this chapter.

Sec. 13. Sections 8 through 12 of this chapter:

(1) apply to a written or oral contract or agreement entered into, modified, renewed, or extended after March 14, 2012; and

(2) do not apply to or abrogate a written or oral contract or agreement in effect on March 14, 2012.

SOURCE: ; (12)HE1001.1.2. -->    SECTION 2. An emergency is declared for this act.

**HEA 1001**

Figure

Graphic file number 0 named seal1001.pcx with height 58 p and width 72 p Left aligned